UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JENNIFER GUILMETTE, on behalf of herself and all            :
others similar situated,                                    :    No.: 25 Civ. 2395
                                                            :
                                   Plaintiff,               :    **CLASS AND**
         - against -                                        :    **COLLECTIVE ACTION**
                                                            :    **COMPLAINT**
BLISS RESTAURANT BAR & CATERING INC., and                   :
RONALD HOFFMAN, an individual,                              :
                                                            :
                                   Defendants.              :
----------------------------------------------------------------------- X

Plaintiff, on behalf of herself and all others similarly situated, by and through her attorneys Kessler Matura P.C., complaining of Defendants, alleges as follows:

## INTRODUCTION

1.      Defendants operate the restaurant, bar, and catering business located at 766 Rt. 25A, East Setauket, New York, known as "Bliss."

2.      Defendants' bartenders, servers, and bussers ("Tipped Workers") earn tips by waiting on Defendants' customers.

3.      Defendants, however, did not pay their Tipped Workers, including Plaintiff, an hourly wage.  As a result, Defendants failed to pay Tipped Workers the minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the New York Labor Law ("NYLL"), Articles 6 and 19, as detailed in the Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146, *et seq.* ("HIWO").

4.      Plaintiff now brings the First Cause of Action, pursuant to Section 216(b) of the FLSA, on behalf of all individuals employed by Defendants as Tipped Employees at any time since March 1, 2022, who elect to opt-in into this action (the "Collective").

1

5.    Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of all individuals employed by Defendants as Tipped Workers at any time since March 1, 2019 (the "NYLL Class") (together with the Collective, the "Class" or "Class Members").

## JURISDICTION & VENUE

6.    Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

7.    This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because events giving rise to this action occurred in Suffolk County.

8.    This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a).

## THE PARTIES

*Plaintiff Jennifer Guilmette*

9.    Plaintiff Jennifer Guilmette is a resident of Suffolk County, New York.

10.    Guilmette was employed by Defendants as a server from about May 2022 through April 2024.

11.    As a server, Plaintiff waited on Defendants' customers, taking their orders, bringing them food and drinks , and performing side work at the restaurant.

12.    Guilmette was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

13.    Guilmette was an "employee" within the meaning of N.Y. Lab. Law §§ 190(2), 651(5), and 12 N.Y.C.R.R. § 146-3.2.

14.    Guilmette's written consent pursuant 29 U.S.C. § 216(b) is attached as Ex. A.

*Defendant Bliss Restaurant Bar & Catering Inc.*

15.     Defendant Bliss Restaurant Bar & Catering Inc. is a domestic corporation.

16.     Defendant Bliss Restaurant Bar & Catering Inc. is authorized to do business pursuant to the laws of the State of New York.

17.     At all times relevant to this Complaint, Defendant Bliss Restaurant Bar & Catering Inc. operated the restaurant, bar, and catering business known as "Bliss."

18.     The primary place of business of Defendant Bliss Restaurant Bar & Catering Inc. is and was located at 766 Rt. 25A, East Setauket, New York.

19.     Defendant Bliss Restaurant Bar & Catering Inc. offers table seating inside the restaurant and outside the building, on the patio, weather permitting.

20.     At all times relevant to this Complaint, Defendant Bliss Restaurant Bar & Catering Inc. offered on- and off-premises catering.

21.     At all times relevant to this Complaint, Defendant Bliss Restaurant Bar & Catering Inc. employed Tipped Workers.

22.     Defendant Bliss Restaurant Bar & Catering Inc. maintains control, oversight, and direction over its operations and employment practices.

23.     Defendant Bliss Restaurant Bar & Catering Inc. maintained control, oversight, and direction over the putative Class Members, including timekeeping, payroll and other employment practices applicable to them.

24.     The activities of Defendant Bliss Restaurant Bar & Catering Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

25.     Defendant employs employees, including Plaintiff, who regularly engage in commerce or in the production of goods for commerce or in handling, selling or otherwise working

on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

26.     The employees of Defendant Bliss Restaurant Bar & Catering Inc., including Plaintiff and other Tipped Employees, handled credit card transactions.

27.     Defendant Bliss Restaurant Bar & Catering Inc.'s employees, including Tipped Employees, handled and served food and beverage items that were brought to Bliss from out of state or otherwise moved through channels of interstate commerce.

28.     Tipped Employees worked with and served alcoholic beveragesimported from across the United States and abroad, such as Tito's Vodka, Basil Hayden Whiskey, and Californian wines.

29.     Defendant Bliss Restaurant Bar & Catering Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

30.     Defendant Bliss Restaurant Bar & Catering Inc. was and is an "employer" within the meaning of 29 U.S.C. § 203(d).

31.     Defendant Bliss Restaurant Bar & Catering Inc. was and  is an "employer" within the meaning of the N.Y. Lab. Law §§ 190(3) and 651(6).

***Defendant Ronald Hoffman***

32.     Defendant Ronald Hoffman is an individual and resident of Suffolk County.

33.     At all times relevant to this Complaint, Hoffman owned Defendant Bliss Restaurant Bar & Catering Inc.

34.     At all times relevant to this Complaint, Hoffman operated Defendant Bliss Restaurant Bar & Catering Inc.

35.     At all times relevant to this Complaint, Hoffman was a shareholder of Bliss.

4

36.     At all times relevant to this Complaint, upon information and belief, Hoffman was the Chief Executive Officer Defendant Bliss Restaurant Bar & Catering Inc.

37.     At all times relevant to this Complaint, Hoffman was a corporate officer of Bliss Restaurant Bar & Catering Inc.

38.     At all times relevant to this Complaint, Hoffman held himself out as the owner of Defendant Bliss Restaurant Bar & Catering Inc. to the public, including in the media, in the community, and online.

39.     At all times relevant to this Complaint, upon information and belief, Hoffman was the President of Defendant Bliss Restaurant Bar & Catering Inc.

40.     At all times relevant to this Complaint, upon information and belief, Hoffman was the principal of Defendant Bliss Restaurant Bar & Catering Inc.

41.     At all times relevant to this Complaint, Hoffman held himself out as the principal of Defendant Bliss Restaurant Bar & Catering Inc.

42.     For example, Hoffman is registered as the principal with the New York State Liquor Authority for Bliss.

43.     Hoffman was an owner and operator of C.R.P. Corp.

44.     C.R.P. Corp. was a domestic corporation, which filed with the Department of State in January of 2023 and registered its dissolution by proclamation with the Department of State as of October 2009.

45.     C.R.P. Corp. is the entity registered as operating Bliss on the New York State Liquor Authority's website.

46.     At times during the period relevant to the Complaint, Hoffman issued checks on behalf of Bliss, which listed C.R.P. Corp. as the account holder; This includes checks Hoffman

gave to Guilmette for tips paid to her by customers of Bliss via credit card, such as those dated August 30, 2024, September 6, 2023, and September 13, 2023.

47.    At all times relevant to this Complaint, upon information and belief, Hoffman was an agent of Defendant Bliss Restaurant Bar & Catering Inc.

48.    At all times relevant to this Complaint, Hoffman was a manager at Bliss.

49.    At all times relevant to this Complaint, Hoffman had authority to make personnel decisions related to the employees working at Bliss.

50.    At all times relevant to this Complaint, Hoffman made personnel decisions related to the employees working at Bliss.

51.    For example, Hoffman scheduled Guilmette and communicated her scheduled shifts to her.

52.    At all times relevant to this Complaint, Hoffman had the authority to hire and fire employees working at Bliss.

53.    At all times relevant to this Complaint, Hoffman hired employees of Defendant Bliss Restaurant Bar & Catering Inc., including Guilmette.

54.    At all times relevant to this Complaint, upon information and belief, Hoffman fired employees of Defendant Bliss Restaurant Bar & Catering Inc.

55.     At all times relevant to this Complaint, Hoffman had the power to and did oversee the day-to-day operations at Bliss.

56.    At all times relevant to this Complaint, Hoffman exercised control over the terms and conditions of employment of the employees of Bliss.

57.    At all times relevant to this Complaint, Hoffman had the authority to make certain payroll decisions for Defendant Bliss Restaurant Bar & Catering Inc.

58.    At all times relevant to this Complaint, Hoffman handled certain payroll matters related to Tipped Employees, such as Guilmette.

59.    For example, Hoffman coordinated with Guilmette as to when she could pick up her credit-card tips.

60.    At all times relevant to this Complaint, upon information and belief, Hoffman had authority to set policies, rules, and procedures at Bliss.

61.    At all times relevant to this Complaint, Hoffman had the authority to enter into contracts on behalf of Defendant Bliss Restaurant Bar & Catering Inc.

62.    Hoffman was and is an "employer" within the meaning of 29 U.S.C. § 203(d).

63.    Hoffman was and still is an "employer" within the meaning of N.Y. Lab. Law §§ 190(3) and 651(6).

## COLLECTIVE ACTION CLAIMS

64.    Upon information and belief, there are approximately more than 20 members of the Putative Collective who Defendants failed to pay the minimum wage.

65.    Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiff and the Collective, the minimum wage.

66.    The Collective is readily identifiable by use of Defendants' records.

67.    The Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

68.    Unless the Court promptly issues such a notice, the Collective, who have been unlawfully deprived of earned wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## CLASS ACTION ALLEGATIONS

69. The persons in the NYLL Class are so numerous that joinder of all members is impracticable. Further, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants.

70. Upon information and belief, the size of the NYLL Class is at least 40 individuals.

71. This matter is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the NYLL Class that predominate over any questions solely affecting individual members of the putative NYLL Class, including but not limited to:

    a. whether Defendants were required to pay Plaintiff and the NYLL Class the minimum wage;

    b. whether Defendants failed to pay Plaintiff and the NYLL Class the minimum wage;

    c. whether Defendants' failure to pay Plaintiff and the NYLL Class all minimum wages due to them resulted from a reasonable, good-faith belief that its payment payroll practice complied with the NYLL;

    d. whether Defendants failed to provide hiring notices to Plaintiff and the NYLL Class setting forth the information required by Section 195 of the NYLL and that Defendants intended to take credits against the minimum wage; and

    e. whether Defendants failed to provide Plaintiff and the NYLL Class with weekly statements of wages setting forth the information required by Section 195 of the NYLL, including the value of any credit taken against the minimum wage.

72. Plaintiff fairly and adequately protects the interests of and has no interests antagonistic to the NYLL Class. Plaintiff is represented by attorneys who are experienced and competent in both class-action and employment litigation.

73. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in court against the

corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

74.     Further, Plaintiff and the NYLL Class have been equally affected by Defendants' failure to pay proper wages.

75.     Members of the NYLL Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

76.     Members of the NYLL Class that remain in the restaurant industry may be reluctant to raise individual claims for fear of being labeled a troublemaker.

77.     Defendants acted or refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

78.     Plaintiff's claims are typical of those of the NYLL Class. Plaintiff and the other NYLL Class members were subjected to Defendants' policies, practices, programs, procedures, protocols, and plans alleged herein concerning the failure to pay proper wages.  Plaintiff's job duties are typical of those of the NYLL Class members.

## COMMON FACTUAL ALLEGATIONS

79.     Generally, on weekdays excluding Friday, Bliss employed about five or six Tipped Workers per shift:  two servers, two bussers, and two bartenders.

80.     Generally, on weekends and Fridays, Bliss employed about eight Tipped Workers per shift:  four servers, two bartenders, and two or three bussers.

81.     Bliss opened at 4:00 pm.

82.     Tipped Workers arrived to start working at about 2:30 pm each day.

83.    For the first one and a-half hours of their shift, Tipped Workers performed set-up duties as part of their daily side work.  This side work included, but is not limited to, cutting up fruit and vegetables for service, setting up the outdoor patio, setting up various stations used by Tipped Workers, stocking the condiments, folding and putting away linens, and polishing silverware and glasses.

84.    From 4:00 pm to closing time, Tipped Workers served and waited on Defendants' customers.

85.    Throughout the relevant period, Bliss has either closed at 9:00, 10:00, or 11:00 pm. Tipped Workers, however, generally, stayed for about one hour after the end of their shift to finish their side work.  That is, Tipped Workers were, among other things, cleaning up the restaurant, resetting tables, sweeping, putting away the outdoor décor, and putting away dishes, silverware, and glasses.

***Failure to Pay the Minimum Wage***

86.    Plaintiff and the Class Members have been victims of Defendants' common policy and plan that  violated their right to receive hourly wages at the minimum rate set by the FLSA and NYLL, in addition their earned tips.

87.    Defendants failed to pay Plaintiff and the Class Members an hourly minimum wage.

88.    Instead, Defendants paid Plaintiff and the Class Members a flat per-shift wage of $20, regardless of the number of hours Plaintiff or the Class Members worked.

89.    As a result, the effective hourly rate of pay for Plaintiff and the Class Members ranged from about $2.10 to $2.66.

90.    Throughout her employment with Defendants, Plaintiff regularly worked two to four days a week.

91.    For example, Defendant Hoffman scheduled Plaintiff to work, and she did work, May 18, 2022, through May 21, 2022.

92.    Defendant did not pay Plaintiff an hourly wage at or above the minimum wage rates set by the FLSA and NYLL for these hours.

93.    During the hours before and after Bliss was open to the public, Plaintiff and the Class Members spent between, approximately, 25% to 33% of their working time on non-tip-generating side work each day.

***Defendants' Failure to Pay the Minimum Wage was Willful***

94.    Defendants' failure to pay the minimum wage was willful and Defendants did not have a reasonable, good-faith basis for violating the minimum wage rights of the Class Members.

95.    Defendants knew or should have known that they were required to pay Plaintiff and the Class Members an hourly wage at or above the minimum wage rates set by the FLSA and NYLL.

96.    Bliss has been operating since 2003.

97.    An employer of tipped workers in the restaurant industry should be aware of the minimum wages to be paid to tipped workers.  The federal minimum wage, and related tip credit, has remained unchanged throughout the time Bliss has operated.  The state minimum wage, including the related tipped credit, has increased repeatedly over the last 20 years, including in 2005, 2006, 2007, 2009, each year from 2013 through 2021, 2024, and 2025.

98.    Defendants have been sued for violations of the FLSA and NYLL previously.

99.    Upon information and belief, Hoffman attended Suffolk County Community College from 2005 through 2008, as noted on his public LinkedIn page.  At this time, he took courses on hotel, motel, and restaurant management.

100.    As a result, Hoffman was or should have been made aware of the existence of the minimum wage laws and the need to abide by them.

**Defendants Did Not Provide Hiring Notices and Wage Statements**

101.    At the time of hiring, Defendants failed to notify Plaintiff and the Class Members that they were taking a credit against the minimum wage to satisfy their obligations to pay the minimum wage as per the FLSA and NYLL.

102.    At the time of hiring, Defendants failed provide Plaintiff and the Class Members the written notice required by Section 195(1)(a) of the NYLL, referred to in this Complaint as a "hiring notice."

103.    Defendants failed to provide Plaintiff and the Class Members with written statements accompanying their wages noting the information required by Section 195(3) of the NYLL, referred to in this Complaint as a "wage statement."  That is, Defendants did not give them paystubs documenting, *inter alia*, what was being paid to them, credits taken against the minimum wage, the dates covered by the pay, the rates of pay, and the hours they were paid for.

104.    Defendants' failure to provide this information to Plaintiff and the Class Members harmed them.

105.    Defendants' failure to provide hiring notices and wage statements facilitated their unlawful minimum wage policy.

106.    Defendants were required by statute to inform Plaintiff and the Class Members that they were entitled to the minimum wage and that their earned tips would be credited against the minimum wage.  The FLSA requires an employer to pay the full minimum wage to a tipped worker, as opposed to a subminimum wage, unless the employer meets certain conditions.  *See* 29 U.S.C. § 203(m)(2)(A).  To take a tip credit against the federal minimum wage in this regard, the

employer must inform the tipped employee of the tip credit to be taken against the minimum wage. *Id*. The NYLL, through the HIWO, imposes a parallel requirement. *See* 12 N.Y.C.R.R. §§ 146-1.3, 2.2

107.    Defendants failed to record the number of hours Plaintiff and Class Members worked.

108.    Defendants failed to report these hours to Plaintiff and Class Members.

109.    Failure to provide sufficient notice delayed the payment of the applicable minimum wages to Plaintiff and Class Members.

110.    Failure to provide sufficient wage statements delayed the payment of applicable minimum wages to Plaintiff and Class Members, as there was no record of the hours worked and wages paid on which Plaintiff and Class Members could rely.

111.    This all hindered Plaintiff and Class Members' ability to challenge the unlawful wage payment at the time of the payment.

112.    This also hindered Plaintiff and Class Members' ability to challenge the unlawful wage payment after payment was made.

113.    Defendants' failure to provide hiring notices and wage statements further delayed the Plaintiff and Class Members' ability to challenge the unlawful wage payment after payment was made.

114.    Had Plaintiff and Class Members been provided with hiring notices and accurate wage statements, Plaintiff and Class Members would have been able to make an informed decision on how, when, and to what extent to challenge Defendants' unlawful wage-payment policies and seek their unpaid wages.

**FIRST CAUSE OF ACTION**
**FLSA – Failure to Pay the Minimum Wage**
**(On Behalf of Plaintiff and the Collective)**

115.    Plaintiff incorporates by reference all preceding allegations.

116.    The FLSA provides that an employer may not pay tipped employees less than the standard minimum wage unless certain conditions are met, including proper notice to the employee of the requirements of Section 203(m)(2)(A) of the FLSA.  *See* 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.50, 531.59(b).

117.    Employers are also not permitted to take a tip credit against the minimum wage if the employee spends more than 20% of their working time on non-tipped worked under the FLSA.

118.    The FLSA provides that an employer taking a tip credit must pay a cash wage of $2.13 to its tipped employees.  *See* 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. §§ 531.50, 531.59(a)-(b).

119.    The FLSA applies to Defendants and covers Plaintiff and the Collective.

120.    Defendants were not entitled to take a tip credit against the minimum wage.

121.    Defendants did not pay Plaintiff and the Collective a cash wage that was equal to or exceed the minimum wage in violation of the FLSA.

122.    Defendants' violations of the FLSA were willful.

123.    Defendants' violations of the FLSA were not reasonable, good-faith errors.

124.    Due to Defendants' violations of the FLSA, Plaintiff and the Collective are entitled to their unpaid wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### NYLL – Failure to Pay the Minimum Wage
### (On Behalf of Plaintiff and the NYLL Class)

125.    Plaintiff incorporates by reference all preceding allegations.

126.    Defendants employed Plaintiff and the members of the NYLL Class and willfully failed to compensate Plaintiff and the members of the NYLL Class for the time worked at or above the minimum wage, as required by the NYLL.

127.    By the course of conduct set forth above, Defendants violated the NYLL and HIWO.  *See* N.Y. Lab. Law § 650, *et seq*.; 12 N.Y.C.R.R. § 146-1.1, *et seq.*

128.    Defendants had a policy and practice of refusing to pay the minimum wage to Plaintiff and the NYLL Class.

129.    The NYLL requires that an employer may not pay tipped employees less than the standard minimum wage unless certain conditions are met, including proper notice as set forth in Section 146-2.2 of the HIWO.  *See* 12 N.Y.C.R.R. §§ 146-1.3, 146-2.2.

130.    Employers are not permitted to take a tip credit against the minimum wage on any day during which the tip-earning employees spent either (a) two or more hours on non-tipped work or (b) spent over 20 percent of their shift on non-tipped work.  *See* 12 N.Y.C.R.R. § 146-2.9.

131.    Defendants were not eligible to avail themselves of the New York tipped minimum wage rate because Defendants failed to inform Plaintiffs and members of the Class of the tip credit and required Plaintiffs and members of the Class to spend over 20% of their work time performing side work.

132.    The NYLL requires that an employer in Suffolk County taking a tip credit must pay a certain cash wage to its tipped employees.  *See* 12 N.Y.C.R.R. § 146-1.3(b)(2).

133.    Defendants were not eligible to avail themselves of the New York tipped minimum wage rate because Defendants failed to give Plaintiff and members of the NYLL Class written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday.

134.    Defendants were not eligible to avail themselves of the New York tipped minimum wage rate because Plaintiff and members of the NYLL Class spent over two hours a day or over 20% of their working time on non-tipped work.

135.    Defendants' failure to pay the minimum wage to Plaintiff and the members of the NYLL Class was not done in good faith within the meaning of Section 663 of the NYLL.

136.    Defendants lacked a reasonable belief that they were permitted to not pay the minimum wage to Plaintiff and the members of the NYLL Class under the NYLL.

137.    Due to Defendants' violations of the NYLL, Plaintiff and the Collective are entitled to their unpaid wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**NYLL – Unpaid Wages**
**(Brought on behalf of the Plaintiff and the Class)**

138.    Plaintiff incorporates by reference all preceding allegations.

139.    Defendant employed Plaintiffs and the members of the Class and willfully failed to compensate Plaintiffs and the members of the Class all earned wages, as required by the NYLL.

140.    By the course of conduct set forth above, Defendant violated the NYLL by failing to pay Plaintiff and the Class Members all wages which they earned.  *See* N.Y. Lab. L. §§ 190, et seq., 650, et seq. and 12 N.Y.C.R.R. § 146-1.1, *et seq.*

16

141.     Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members all earned wages.

142.     Defendants' failure to pay all earned wages to Plaintiff and the members of the Class was not done in good faith within the meaning of Sections 198 and 663 of the NYLL.

143.     Because of these underpayments of wages, alleged above, Plaintiff and the Class have incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### NYLL – Hiring Notice Violations
### (Brought on behalf of Plaintiff and the NYLL Class)

144.     Plaintiff incorporates by reference all preceding allegations.

145.     Defendants did not supply Plaintiff and the NYLL Class with a hiring notice required by Section 195 of the NYLL, containing the rate or rates of pay and basis thereof, allowances claimed, the regular pay day, the name of the employer, any DBA used by the employer, the employer's address and telephone number. *See* N.Y. Lab. L. § 195(1)(a).

146.     Defendants did not supply Plaintiff and the NYLL Class with a hiring containing the information specified in the HIWO, including the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. *See* 12 N.Y.C.R.R. § 146-2.2.

147.     Due to Defendants' violations of the NYLL, for each workweek that Defendants did not provide a proper wage statement, Plaintiff and members of the NYLL Class are each entitled to damages of $50 per workday, or a total of $5,000 per class member, as provided for by Section 198 of the NYLL, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION**
**NYLL – Wage Statement Violations**
**(Brought on behalf of Plaintiff and the NYLL Class)**

148.     Plaintiff incorporates by reference all preceding allegations.

149.     Defendants did not supply Plaintiff and the NYLL Class with an accurate statement of wages as required by Section 195 of the NYLL, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

150.     Due to Defendants' violations of the NYLL, for each workweek that Defendants did not provide a proper wage statement, Plaintiff and members of the NYLL Class are each entitled to damages of $250 per workday, or a total of $5,000 per class member, as provided for by Section 198 of the NYLL, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.     The Court, at the earliest possible time, certify this case as a collective action, authorize the issuance of notice to the Collective, and permit putative Collective members to opt into this action;

B.     Certification of this case as a class action pursuant to Rule 23;

C.     Designation of Plaintiff as the class representative, and counsel of record as class counsel;

D.     Unpaid wages under the FLSA, NYLL, and supporting HIWO;

E.     Statutory damages for violations of Section 195 of the NYLL;

F.   Liquidated damages;

G.   Pre-judgment interest and post-judgment interest as provided by law;

H.   Appropriate equitable and injunctive relief to remedy violations;

I.   Attorneys' fees and costs of the action;

J.   A declaratory judgment that the practices complained of are unlawful;

K.   A reasonable incentive award for Plaintiff to compensate her for the time she spent and for the risks she took attempting to recover wages for the Class;

L.   Any other injunctive and equitable relief as this Court deems just and proper; and,

M.   Such other relief as this Court deems just and proper.

Dated: Melville, New York
       April 29, 2025

Respectfully submitted,

Garrett Kaske

Garrett Kaske
Tana Forrester
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, New York 11747
(631) 499-9100
gkaske@kesslermatura.com
tforrester@kesslermatura.com

*Attorneys for Plaintiff and the
Putative Class and Collective Actions*

# Exhibit A

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against my employer, Bliss Restaurant Bar & Catering Inc. and any related entities or individuals ("Bliss"), for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and New York Labor Law.

2. During the past three years, there were occasions when Bliss failed to pay me the minimum wage in violation of the Fair Labor Standards Act.

3. I designate Kessler Matura P.C. to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against Bliss and any other related entities or individuals potentially liable.

Date: 04 / 28 / 2025

_____
Signature

Jennifer Guilmette
_____
Print Name