UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER GUILMETTE, on behalf of herself and all others similar situated,<br><br>                                    Plaintiff,<br><br>        -against-<br><br>BLISS RESTAURANT BAR & CATERING INC., and RONALD HOFFMAN, an individual,<br><br>                                    Defendants. | Civil Action No.:<br>25-cv-02395<br><br>**ANSWER** |

Defendants, Bliss Restaurant Bar & Catering Inc. and Ronald Hoffman ("Defendants"), by and through their attorneys, Lewis Johs Avallone Aviles, LLP, as and for their Answer to the Complaint filed by Plaintiff, Jennifer Guilmette ("Plaintiff"), on April 29, 2025, in the above captioned-action state as follows:

## AS TO "INTRODUCTION"

1. Admit the allegations contained in Paragraph "1" of the complaint.

2. Admit the allegations contained in Paragraph "2" of the complaint.

3. Deny each and every allegation contained in Paragraph "3" of the complaint.

4. Paragraph "4" of the complaint is a statement regarding the nature of the plaintiff's action and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and specifically deny that plaintiff is entitled to any relief.

5. Paragraph "5" of the complaint is a statement regarding the nature of the plaintiff's action and thus no response is required. To the extent a response is required, Defendants deny

each and every allegation contained therein and specifically deny that plaintiff is entitled to any relief.

## AS TO "JURISDICTION AND VENUE"

6. Paragraph "6" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

7. Paragraph "7" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

8. Paragraph "8" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

## AS TO "THE PARTIES"

9. Admit the allegations set forth in Paragraph "9" of the complaint.

10. Admit the allegations contained in Paragraph "10" of the complaint.

11. Admit that plaintiff as a server waited on Defendant Bliss Restaurant Bar & Catering Inc's. ("Bliss") customers taking their orders and bringing them food and drinks, except as expressly admitted, Defendants deny each and every allegation contained in Paragraph "11."

12. Paragraph "12" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

13. Paragraph "13" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the complaint, but respectfully refer the Court to Exhibit "A" of plaintiff's complaint for the purported written consent.

15. Admit the allegations contained in Paragraph "15" of the complaint.

16. Admit the allegations contained in Paragraph "16" of the complaint.

17. Admit the allegations contained in Paragraph "17" of the complaint.

18. Admit the allegations contained in Paragraph "18" of the complaint.

19. Admit the allegations contained in Paragraph "19" of the complaint.

20. Admit the allegations contained in Paragraph "20" of the complaint.

21. Admit the allegations contained in Paragraph "21" of the complaint.

22. Admit the allegations contained in Paragraph "22" of the complaint.

23. Paragraph "23" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

24. Paragraph "24" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

25. Paragraph "25" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

26. Admit that certain employees of defendant Bliss Restaurant Bar & Catering, Inc. processed credit card transactions, except as expressly admitted, Defendants deny the allegations contained in Paragraph "26" of the complaint.

27. Paragraph "27" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained therein and refer all questions of law to the Court.

28. Admit that certain employees worked with and served alcoholic beverages. Except as expressly admitted, Defendants deny the allegations contained in Paragraph "28" of the complaint.

29. Paragraph "29" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

30. Paragraph "30" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

31. Paragraph "31" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

32. Admit the allegations contained in Paragraph "32" of the complaint.

33. Admit the allegations contained in Paragraph "33" of the complaint.

34. Admit the allegations contained in Paragraph "34" of the complaint.

35. Admit the allegations contained in Paragraph "35" of the complaint.

36. Deny each and every allegation contained in Paragraph "36" of the complaint.

37. Admit the allegations contained in Paragraph "37" of the complaint.

38. Deny each and every allegation contained in Paragraph "38" of the complaint.

39. Admit the allegations contained in Paragraph "39" of the complaint.

40. Admit the allegations contained in Paragraph "40" of the complaint.

41. Deny each and every allegation contained in Paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the complaint.

43. Admit the allegations contained in Paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the complaint.

45. Admit the allegations contained in Paragraph "45" of the complaint.

46. Admit the allegations contained in Paragraph "46" of the complaint.

47. Paragraph "47" of the Complaint calls for a legal conclusion and thus no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

48. Admit the allegations contained in Paragraph "48" of the complaint.

49. Admit the allegations contained in Paragraph "49" of the complaint.

50. Admit the allegations contained in Paragraph "50" of the complaint.

51. Admit the allegations contained in Paragraph "51" of the complaint.

52. Admit the allegations contained in Paragraph "52" of the complaint.

53. Admit the allegations contained in Paragraph "53" of the complaint.

54. Admit the allegations contained in Paragraph "54" of the complaint.

55. Admit the allegations contained in Paragraph "55" of the complaint.

56. Admit the allegations contained in Paragraph "56" of the complaint.

57. Admit that Hoffman had the authority to make payroll decisions for Defendant Bliss Restaurant Bar & Catering, Inc. Except as expressly admitted, Defendants deny the allegations contained in Paragraph "57" of the complaint.

58. Admit that Hoffman had the authority to make payroll decisions for Defendant Bliss Restaurant Bar & Catering, Inc. Except as expressly admitted, Defendants deny the allegations contained in Paragraph "58" of the complaint.

59. Admit that Guilmette would pick up tips each week from Hoffman. Except as expressly admitted, Defendants deny the allegations in Paragraph "59" of the complaint.

60. Admit the allegations contained in Paragraph "60" of the complaint.

61. Admit the allegations contained in Paragraph "61" of the complaint.

62. Paragraph "62" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

63. Paragraph "63" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

64. Deny each and every allegation contained in Paragraph "64" of the complaint.

65. Deny each and every allegation contained in Paragraph "65" of the complaint.

66. Deny each and every allegation contained in Paragraph "66" of the complaint.

67. Deny each and every allegation contained in Paragraph "67" of the complaint.

68. Deny each and every allegation contained in Paragraph "68" of the complaint.

69. Deny each and every allegation contained in Paragraph "69" of the complaint.

70. Deny each and every allegation contained in Paragraph "70" of the complaint.

71. Deny each and every allegation contained in Paragraph "71" of the complaint.

72. Deny each and every allegation contained in Paragraph "72" of the complaint.

73. Deny each and every allegation contained in Paragraph "73" of the complaint.

74. Deny each and every allegation contained in Paragraph "74" of the complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "75" of the complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "76" of the complaint, but respectfully refer the Court to Exhibit "A" of plaintiff's complaint for the purported written consent.

77. Deny each and every allegation contained in Paragraph "77" of the complaint.

78. Deny each and every allegation contained in Paragraph "78" of the complaint.

## AS TO "COMMON FACTUAL ALLEGATIONS"

79. Admit that Bliss Restaurant & Catering, Inc. employed tipped workers, the number of which varied day to day. Except as expressly admitted, Defendants deny the allegations contained in Paragraph "79" of the complaint.

80. Admit that Bliss Restaurant & Catering, Inc. employed tipped workers per shift, which varied day to day. Except as expressly admitted, Defendants deny the allegations contained in Paragraph "80" of the complaint.

81. Admit that kitchen hours at Bliss Restaurant Bar & Catering generally started at 4:00pm and otherwise deny each and every allegation contained in Paragraph "81" of the complaint.

82. Deny each and every allegation contained in Paragraph "82" of the complaint.

83. Deny each and every allegation contained in Paragraph "83" of the complaint.

84. Deny each and every allegation contained in Paragraph "84" of the complaint.

85. Deny each and every allegation contained in Paragraph "85" of the complaint.

86. Deny each and every allegation contained in Paragraph "86" of the complaint.

87. Deny each and every allegation contained in Paragraph "87" of the complaint.

88. Deny each and every allegation contained in Paragraph "88" of the complaint.

89. Deny each and every allegation contained in Paragraph "89" of the complaint.

90. Deny each and every allegation contained in Paragraph "90" of the complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "91" of the complaint.

92. Deny each and every allegation contained in Paragraph "92" of the complaint.

93. Deny each and every allegation contained in Paragraph "93" of the complaint.

94. Deny each and every allegation contained in Paragraph "94" of the complaint.

95. Deny each and every allegation contained in Paragraph "95" of the complaint.

96. Admit the allegations contained in Paragraph "96" of the complaint.

97. Paragraph "97" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

98. Admit the allegations contained in Paragraph "98" of the complaint.

99. Deny each and every allegation contained in Paragraph "99" of the complaint.

100. Deny each and every allegation contained in Paragraph "100" of the complaint.

101. Deny each and every allegation contained in Paragraph "101" of the complaint.

102. Deny each and every allegation contained in Paragraph "102" of the complaint.

103. Deny each and every allegation contained in Paragraph "103" of the complaint.

104. Deny each and every allegation contained in Paragraph "104" of the complaint.

105. Deny each and every allegation contained in Paragraph "105" of the complaint.

106. Paragraph "106" of the Complaint calls for a legal conclusion and thus no response is required.  To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

107. Deny each and every allegation contained in Paragraph "107" of the complaint.

108. Deny each and every allegation contained in Paragraph "108" of the complaint.

109. Deny each and every allegation contained in Paragraph "109" of the complaint.

110. Deny each and every allegation contained in Paragraph "110" of the complaint.

111. Deny each and every allegation contained in Paragraph "111" of the complaint.

112. Deny each and every allegation contained in Paragraph "112" of the complaint.

113. Deny each and every allegation contained in Paragraph "113" of the complaint.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "114" of the complaint, but respectfully refer the Court to Exhibit "A" of plaintiff's complaint for the purported written consent.

## AS TO FIRST CAUSE OF ACTION
### FLSA – Failure to Pay the Minimum Wage
### (On Behalf of Plaintiff and the Collective)

115. Defendants repeat and reiterate each and every denial heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

116. Paragraph "116" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

117. Paragraph "117" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

118. Paragraph "118" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

119. Paragraph "119" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

120. Paragraph "120" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

121. Deny each and every allegation contained in Paragraph "121" of the complaint.

122. Deny each and every allegation contained in Paragraph "122" of the complaint.

123. Deny each and every allegation contained in Paragraph "123" of the complaint, and Defendants deny that they violated the FLSA.

124. Deny each and every allegation contained in Paragraph "124" of the complaint.

## AS TO SECOND CAUSE OF ACTION
### NYLL – Failure to Pay the Minimum Wage
### (On Behalf of Plaintiff and the NYLL Class)

125. Defendants repeat and reiterate each and every denial heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

126. Deny each and every allegation contained in Paragraph "126" of the complaint.

127. Deny each and every allegation contained in Paragraph "127" of the complaint.

128. Deny each and every allegation contained in Paragraph "128" of the complaint.

129. Paragraph "129" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

130. Paragraph "130" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

131. Deny each and every allegation contained in Paragraph "131" of the complaint.

132. Paragraph "132" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

133. Deny each and every allegation contained in Paragraph "133" of the complaint.

134. Deny each and every allegation contained in Paragraph "134" of the complaint.

135. Deny each and every allegation contained in Paragraph "135" of the complaint.

136. Deny each and every allegation contained in Paragraph "136" of the complaint.

137. Deny each and every allegation contained in Paragraph "137" of the complaint.

## AS TO THIRD CAUSE OF ACTION
### NYLL – Unpaid Wages
**(Brought On Behalf of the Plaintiff and the Class)**

138. Defendants repeat and reiterate each and every denial heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

139. Deny each and every allegation contained in Paragraph "139" of the complaint.

140. Deny each and every allegation contained in Paragraph "140" of the complaint.

141. Deny each and every allegation contained in Paragraph "141" of the complaint.

142. Paragraph "142" of the Complaint calls for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein and refer all questions of law to the Court.

143. Deny each and every allegation contained in Paragraph "143" of the complaint.

## AS TO FOURTH CAUSE OF ACTION
### NYLL – Hiring Notice Violations
**(Brought On Behalf of the Plaintiff and the NYLL Class)**

144. Defendants repeat and reiterate each and every denial heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

145. Deny each and every allegation contained in Paragraph "145" of the complaint.

146. Deny each and every allegation contained in Paragraph "146" of the complaint.

147. Deny each and every allegation contained in Paragraph "147" of the complaint.

## AS TO FIFTH CAUSE OF ACTION
### NYLL – Wage Statement Violations
**(Brought On Behalf of the Plaintiff and the NYLL Class)**

148. Defendants repeat and reiterate each and every denial heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

149. Deny each and every allegation contained in Paragraph "149" of the complaint.

150. Deny each and every allegation contained in Paragraph "150" of the complaint.

### AS TO "PRAYER FOR RELIEF"

Defendants deny each and every allegation in the "Wherefore Clause" contained in subparagraphs (A) through (M) of the Wherefore Clause of the complaint and specifically deny that Plaintiff is entitled to any relief whatsoever on behalf herself and/or any other individual.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and/or other defenses without assuming any burden of production or proof that they would not otherwise have.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted, either on her own behalf or behalf of those persons whom she purports to represent.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by any applicable limitations period.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

This case may not be maintained as a collective action because Plaintiff is not similarly situated to other individuals she purports to represent.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

This case may not be maintained as a collective action because the class is not so numerous that joinder is impractical.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, waiver and/or equitable defenses.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of uncleaned hands.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to be and is not an adequate representative of the putative collective action and, as such the Court should not authorize such notice to be issued or a collective action to be maintained under the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL").

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

The complaint is barred, in whole or in part, pursuant to, *inter alia*, the Portal-to-Portal Act and the FLSA.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

This case is not appropriate for a collective action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported collective action class members.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA and/or New York Labor Law.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot establish a willful violation under the FLSA and/or New York Labor Law.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is unable to satisfy the criteria necessary to maintain a Class Action pursuant to Rule 23 of the Federal Rule of Civil Procedure or Article 9 of the New York Civil Practice Law and Rules.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an award of reasonable attorneys' fees, court costs and disbursements because Plaintiff's action pursuant to the New York Labor Law is without basis in law or fact.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

In addition to the forgoing defenses, Defendants retain the right to amend their answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE,** Defendants request that the Court:

a) Dismiss with prejudice Plaintiff's complaint;

b) Deny each and every demand, claim and prayer for relief contained in Plaintiff's complaint;

c) Award to Defendants reimbursement for their costs, including attorneys' fees; and,

d) Grant such other and further relief as this Court deems just and proper.

Dated: Islandia, New York
July 1, 2025

> LEWIS JOHS AVALLONE AVILE, LLP
> *Attorneys for Defendants*
> *Bliss Restaurant & Catering, Inc.*
> *and Ronald Hoffman*
> 1377 Motor Parkway, Suite 400
> Islandia, New York 11749
> 631.755.0101
>
> By: _____*/s/ James F. Murphy*_____
> James F. Murphy
> E-mail: jfmurphy@lewisjohs.com

TO:    Garrett Kaske
        Tana Forrester
        KESSLER MATURA P.C.
        *Attorneys for Plaintiff*
        534 Broadway Road, Suite 275
        Melville, New York 11747
        (631) 499-9100
        E-mail: gkaske@kesslermatura.com
                tforrester@kesslermatura.com

**CERITIFCATE OF SERVICE**

The undersigned, a member of the Bar of the State of New York and of this Court, hereby certifies that he has caused a true and accurate of the foregoing Answer to be served via ECF on July 1, 2025.

LEWIS JOHS AVALLONE AVILE, LLP
*Attorneys for Defendants*
*Bliss Restaurant & Catering, Inc.*
*and Ronald Hoffman*
1377 Motor Parkway, Suite 400
Islandia, New York 11749
631.755.0101

By: _____
     James F. Murphy
E-mail: jfmurphy@lewisjohs.com