


October 6, 2025

**Via ECF**
Hon. Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Guilmette v. Bliss Restaurant Bar & Catering Inc.*,
            No. 25 Civ. 2395 (RER) (SIL)

Dear Judge Locke:

    Plaintiff requests an order to: (1) conditionally certify the collective action; (2) require Defendants Bliss Restaurant Bar & Catering Inc. and Ronald Hoffman ("Defendants") to furnish the contact information for all "Tipped Workers" (bartenders, servers, and bussers) employed since March 1, 2022; and (3) require Defendants to post and Plaintiff's counsel to circulate a Notice of Pendency ("Notice") and Consent to Join form ("Consent") (Ex. A-1).  After sharing the proposed notice package with Defendants on August 6, the parties conferred on this motion by phone on August 13 and discussed it by email since.  Because Defendants have not consented, we submit this motion pursuant to Section 4(A)(i) of Your Honor's Individual Rules to decide "in the first instance." *Bijoux v. Amerigroup N.Y., LLC*, No. 14 Civ. 3891, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015).

    I.    **Conditional Certification is Warranted**

    Defendants failed to pay their tipped workers minimum wage, and does not qualify for the tip credit, violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL").  *See* ECF No. 1 (Compl.) ¶¶ 1-5.  Defendants didn't give notice to the Tipped Workers that it took a tip credit.  *Id*. ¶¶ 101-102, 106; *see also* Ex. B (Guilmette Decl.) ¶¶ 9-11.  And, they required the tipped workers to spend over 20% of their time on non-tipped work (i.e., side work).  *Id*. ¶¶ 78-85, 93; Ex. B (Guilmette Decl.) ¶¶ 12-18, 23-26.  However, Bliss only paid them a flat per-shift wage of $20, regardless of the number of hours they worked.  *Id*. ¶¶ 87-88; Ex. B (Guilmette Decl.)  ¶¶ 6, 27-29.  As a result, the effective hourly rate of pay for the was as low as $2.10 an hour.  *Id*. ¶ 89; Ex. B (Guilmette Decl.)  ¶¶ 20-21.

    To serve the FLSA's "broad remedial purpose," courts conditionally certify collective actions, allowing potentially "similarly situated" employees to receive early notice of the case.  *See Gonzalez v. SBKU Servs. Inc.*, No. 23 Civ. 8797, 2025 WL 267977, at *4 (E.D.N.Y. Jan. 22, 2025) (Locke, Mag.) (cleaned up). Second Circuit courts apply a two-step analysis in certifying collective actives.  *Id*.  In the first step, courts look to the pleadings and declarations to decide if the employees are similarly situated.  *Id.* (collecting cases).  Plaintiffs need only make a "modest factual showing" that they and the putative collective members "were victims of a common policy or plan that violated the law." *Id*. (cleaned up).  In doing so, courts do not resolve factual disputes, determine credibility issues, or decide the merits of the case. *Id*.

Hon. Steven I. Locke, U.S.M.J.
Re:  *Guilmette v. Bliss Restaurant Bar & Catering Inc.,*
October 6, 2025
Page 2 of 3

Currently, the Court only needs to engage in step one.  Plaintiff's burden is minimal at this stage.  *See id.*; *Agonath v. Interstate Home Loans Ctr., Inc.*, No. 17 Civ. 5267, 2019 WL 1060627, at *2 (E.D.N.Y. Mar. 6, 2019) (Locke, Mag.).  The "burden at the conditional certification stage is so low that Plaintiff's lone affidavit setting forth a common payment scheme may suffice." *Walston v. Edward J. Young, Inc.*, No. 15 Civ. 457, 2016 WL 3906522, at *5 (E.D.N.Y. Feb. 22, 2016); *see, e.g.*, *Manfredo v. VIP Auto Grp. of Long Isl., Inc.*, No. 20 Civ. 3728, 2021 WL 4958907, at *5 (E.D.N.Y. Oct. 26, 2021) (certifying collective of salespersons employed across seven separately incorporated auto-dealerships based on lone plaintiff's complaint and declaration).

As Plaintiff describes, Defendants paid Tipped Workers a flat wage per shift, which was less than the federal minimum wage.  *See* Ex. B (Guilmette Decl.) ¶¶ 6, 20-21, 28-29.  Defendants also did not notify Tipped Workers that they were taking a tip credit, as evidenced by Plaintiff's experience and Defendants' failure to track Tipped Workers' hours or alter their pay based on the length of their shifts.  *Id.* ¶¶ 6-11, 27-29, 31.  Further, Plaintiff and her former co-workers regularly spent 25% to 33% of their working time on non-tip-generating side work each day.  *Id.* ¶¶ 14-19, 23-26.  Plaintiff has further demonstrated that these claims extended across all of Defendants' Tipped Workers, illustrated by her personal observations of 13 named Tipped Workers, including bartenders, bussers, and servers, and her conversations with three other Tipped Workers. *See* Guilmette Decl. ¶¶ 23-29.  As a result, the Tipped Workers are similarly situated as to whether Defendants violated their right to receive the minimum wage and conditional certification is warranted.  *See Cano v. Four M Food Corp.*, No. 08 Civ. 3005, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (Bianco, J.) (noting that the plaintiff is similarly situated to workers in other job titles as long as there is a factual nexus among the workers and they were subjected to the same wage policy at issue).

## II.   Plaintiffs' Proposed Notice Plan Should be Approved

The Notice and Consent distribution plan should approve Plaintiff's notice and distribution plan.  *See* Ex. A (Distribution Summary).  Plaintiff seeks to issue notice to all individuals who worked for Defendants in the State of New York as a Tipped Worker at any time since March 1, 2022.  *See Manfredo*, 2021 WL 4958907, at *6 (authorizing notice to all individuals employed three years prior to the filing of the complaint).  To facilitate notice, Defendants should produce a computer-readable list containing each Tipped Worker's (1) name, (2) addresses, (3) phone number, (4) email, and (5) dates of employment.  *Gonzalez*, 2025 WL 267977, at *8

The Court should allow distribution of the Notice and Consent by (a) mail, (b) email, and (c) posting.  *See id.* at *7-8 (approving notice by mail, email, text, and posting); *see* Ex. A-2 (Proposed Email Notice).  And, the Court should permit a reminder notice (Ex. A-3) to issue half way through the notice period to help ensure that the collective receives timely notice of their rights.  *See Valdez v. Michpat & Fam, LLC*, No. 20 Civ. 2570, 2022 WL 1085465, at *16 (E.D.N.Y. Jan. 6, 2022) (Locke, Mag.), *adopted*, 2022 WL 950450, at *16 (E.D.N.Y. Mar. 30, 2022).  The content of the Notice and Consent should be approved, as it mirrors the Honorable Magistrate Judge Shields' model form.  *See* Appendix E to Indiv. Prac. R. of Mag. J. Anne Y. Shields, 25-30

Hon. Steven I. Locke, U.S.M.J.
Re:  *Guilmette v. Bliss Restaurant Bar & Catering Inc.,*
October 6, 2025
Page 3 of 3

https://www.nyed.uscourts.gov/pub/rules/AYS-MLR.pdf (last accessed Oct. 6, 2025; *see also Lin v. DJ's Int'l Buffet Inc.*, No. 17 Civ. 4994, 2019 WL 5842798, at *6 (E.D.N.Y. Nov. 7, 2019) (providing the parties with a "pre-approved form of notice" including the language at issue and noting that this form "reflects the holdings of this Court (and the majority view in this District) as to issues of notice that are continually subject to litigation").

    Thank you for Your Honor's anticipated consideration of this matter.

                                    Respectfully submitted,

                                      Garrett Kaske

encs.

cc: Counsel of Record (via ECF)