UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

JENNIFER GUILMETTE, on behalf of herself and all others similar situated,

                                       Plaintiff,

- against -

BLISS RESTAURANT BAR & CATERING INC., and RONALD HOFFMAN, an individual,

                                         Defendants.

**Case No.:**
**25 Civ. 2395 (RER) (SIL)**

------------------------------------------------------------------------ X

**STIPULATION AND [PROPOSED] ORDER REGARDING CONDITIONAL CERTIFICATION, ISSUANCE OF COLLECTIVE ACTION NOTICE, DISCLOSURE OF CONTACT INFORMATION, AND OTHER DISCOVERY DEADLINES**

Plaintiff and Defendants, through their undersigned counsel, stipulate and agree as follows:

**RECITALS**

Plaintiff commenced this action, bringing claims under the Fair Labor Standards Act, as a collective action and under the New York Labor Law, as a class action, in the United States District Court for the Eastern District of New York. *See generally* ECF No. 1 (Compl.). Plaintiff alleges that she was employed by Defendants as a tip-earning restaurant employee, and seeks to represent a collective and class comprised of similarly situated workers under the Fair Labor Standards Act and New York Labor Law. *See id*. ¶¶ 2-5.

Plaintiff filed her motion for collective action conditional certification and notice pursuant to 29 U.S.C. § 216(b), on August 17, 2025 (ECF No. 14). Given their particular circumstances, Defendants did not respond to the motion immediately and requested a status conference. *See* ECF No. 15 (Defs.' Ltr. to Ct.). At the status conference, on November 10, 2025, the Honorable Steven I. Locke, U.S.M.J., stayed this action and tolled the statute of limitations for the putative collective for the duration of the stay, which was continued by the Court's order on January 20, 2026, through

1

the next conference. *See* ECF No. 16 (Min. Ord.). The subsequent conference, however, had to be rescheduled because of a change in the Court's calendar and then the blizzard of February 23. *See* ECF Ords., dated Jan. 20, 2026, and Feb. 22, 2026.

Before the stay, the Parties had begun discovery pursuant to the So Ordered deadlines established at the Initial Conference. *See* ECF Nos. 10 (Proposed Sched. Ord.) and 11 (Minute Ord., Aug. 21, 2025). They served discovery requests and initial disclosures. Plaintiffs also served their responses and objections to Defendants' demands. Defendants' responses and objections to Plaintiff's document requests and interrogatories remain outstanding.

Defendants agreed to lift the stay and consent to Plaintiff's motion. To these ends, instead of expending resources litigating Plaintiff's motion, the Parties, without prejudice to Defendant's rights to challenge collective action certification later, have negotiated the terms of a proposed notice to be sent to members of the alleged collective ("the Notice") and the process for disseminating it. The Parties have further agreed on the scope, form, and manner of distribution of the Notice, subject to the Court's approval. The Parties have also agreed to additional discovery dates consistent with the original scheduling order entered by the Court.

**NOW THEREFORE IT IS STIPULATED AND AGREED AS FOLLOWS:**

*Conditional Certification and Notice*

1. The First Cause of Action in Plaintiff's Complaint shall be conditionally certified pursuant to 29 U.S.C. §216(b) of the FLSA as a collective action consisting of certain individuals employed by the Defendant Bliss Restaurant Bar & Catering, Inc. at any time from June 19, 2022 to the present (the, "Relevant Period"). Specifically, the parties stipulate to the following collective, which supersedes the definition of the collective stated in paragraph 2 of the Complaint: All non-exempt individuals employed as waiters, bartenders, or bussers at Defendants' restaurant

located at 766 NY-25A, Setauket, New York 11733 during the Relevant Period or such other period as the Court determines to be applicable, who give consent to file a claim to recover damages for compensation that is allegedly legally due to them ("FLSA Collective Action Members").

2. Within the later of 14 business days after the Court has "So Ordered" this Stipulation and March 27 (the, "Notice Period"), Defendants shall provide to Plaintiff's counsel the names, last known mailing addresses, last known telephone numbers, and last known personal email addresses, of all FLSA Collective Action Members employed by Defendants at any point during the Relevant Period ("Collective List" or "putative collective members") for the purpose of mailing the Notice as set forth herein.

3. Within 14 days after Plaintiff's receipt of the Collective List noted in Paragraph 2, Plaintiff's counsel shall mail the Notice (attached as Appendix A to this Order) to each individual on the Collective List and email the Notice (using the form email attached as Appendix B) to the individuals on the Collective List for which Defendants provided a last known email address. Plaintiff's counsel may re-mail notice to any putative collective member whose Notice is returned as undeliverable, with a forwarding address.

4. Within 37 days after the start of the Notice Period, Plaintiff's counsel shall send a Reminder Notice (attached as Appendix C to this Order) to all putative collective members who have not returned a consent form by the 30th day of the Opt-In Period.

5. All names and contact information on the Collective List provided by Defendant to Plaintiffs' counsel shall remain confidential pursuant to this Court's Stipulation and Order regarding Confidential Information.

6. The individuals on the Collective List shall have 60 days from the date on which the Notice is mailed (the "Opt-in Period") to return the "Consent to Join" form in the manner set forth in the Notice. Individuals whose initial Notice is returned as undeliverable and for whom a forwarding address is supplied shall have 10 additional days from the date on which a second Notice is sent to return the "Consent to Join" form to Plaintiff's counsel. Only individuals submitting a "Consent to Join" form by these deadlines shall be eligible to join the collective action in this matter unless Defendants consent otherwise, in writing, or Plaintiff makes an application to the Court demonstrating that good cause exists for accepting any untimely submission.

7. Within seven days of receipt of a "Consent to Join" form, Plaintiff's counsel shall electronically file such form via the Court's ECF system on the docket in this matter.

8. Nothing herein shall be construed as a stipulation by Defendants that Plaintiff and the individuals to whom Notice and consent to join forms shall be sent are, in fact, "similarly situated" under the law. Nor shall this stipulation be construed as waiving or impairing Defendants' right to challenge the propriety of proceeding as a collective action and/or the inclusion of any individual who opts into the collective action at the second stage of the two-step procedure endorsed by the Second Circuit for certification of a collective action under the FLSA.

*Outstanding Discovery Deadlines*

9. The Parties propose the Court lift the stay and adopt the following updated deadlines and court appearances:

| | |
|---|---|
| Defendants to Respond to Plaintiff's First Interrogatories and Document Demands | April 10, 2026 |
| Motions to Join New Parties or Amend Pleadings | June 26, 2026 |
| Status Conference in Courtroom 820 (After the close of the Notice Period) | _____, 2026 at __:__ am/pm [Around the week of July 6] |

4

| | |
|---|---|
| Completion of Depositions | September 18, 2026 |
| Completion of All Discovery | November 13, 2026 |
| Commencement of Plaintiff's Anticipated Motion for Class Certification | December 1, 2026 |
| Commencement of Summary Judgement Motion Practice | December 18, 2026 |
| Pretrial Conference in Courtroom 820 | _____, 2026 at \_\_:\_\_ am/pm |

Dated: February 27, 2026

By: _____
Garrett Kaske
KESSLER MATURA P.C.
534 Broadhollow Road, Ste. 275
Melville, New York 11747
(631) 499-9100
gkaske@kesslermatura.com
*Attorneys for Plaintiff*

By: _____ /GK
James F. Murphy
Lewis Johs Avallone Aviles, LLP
1377 Motor Parkway Suite 400
Islandia, NY 11749
631 755-0101
jfmurphy@lewisjohs.com
*Attorneys for Defendants*

SO ORDERED

_____
STEVEN I. LOCKE
United States Magistrate Judge

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JENNIFER GUILMETTE, on behalf of herself and all others similar situated,

         Plaintiffs,

  - against -

BLISS RESTAURANT BAR & CATERING INC., and RONALD HOFFMAN, an individual,

         Defendants.
------------------------------------------------------------------------X

**Case No.: 25 Civ. 2395 (RER) (SIL)**

## COURT-AUTHORIZED NOTICE OF LAWSUIT

**If you worked for Bliss Restaurant Bar & Catering as a Bartender, Waiter or Busser at any time since**
**June 19, 2022, a collective action lawsuit may affect your legal rights:**

*You are NOT being sued. This Notice is NOT a solicitation from a lawyer. The Court authorized this Notice.*

Plaintiff is a former employee of Bliss Restaurant Bar & Catering Inc. ("Bliss"). Plaintiff brought this lawsuit against Bliss on behalf of themselves and all other potential, current, and former bartenders, waiters or bussers employed by Bliss after June 19, 2022. Plaintiff claims that Bliss did not pay said employees minimum wages due to them. Bliss denies any wrongdoing and maintains that Tipped Workers have been paid in compliance with all applicable laws.

This notice and its contents have been authorized by the United States District Court, Eastern District of New York. The Court has taken no position in this case regarding the merits of the parties' claims and defenses.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you will be bound by any ruling, settlement, or judgment in this case. You may also share in any proceeds from a settlement or judgment if those bringing the claims are successful. If you choose to be included, you will give up any right to separately sue Bliss about the same legal claims in this lawsuit.<br><br>**If you want to be included, you must complete and return the "Consent to Join" form** included with this Notice by no later than **[60 days from mailing]**. |
| **DO NOTHING** | By doing nothing, you will not be included in this lawsuit for the purpose of asserting an overtime claim under federal law. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement of the wage claim under federal law asserted in this lawsuit, if those bringing the lawsuit are successful. |

**This notice contains information that affects your rights. Please read it carefully.**

Page 1 of 3

| 1. Why did I get this notice? |
|---|

You are getting this notice because Bliss' records show that you were employed as a bartender, waiter or busser between June 19, 2022, and the present. Plaintiff sued Bliss claiming it violated the federal minimum wage law and certain provisions of the wage-and-hour law of New York State.

| 2. What is a collective action and who is involved? |
|---|

In a collective action lawsuit, one or more persons can bring a lawsuit on behalf of others who have similar claims. The individual who brought this lawsuit, Jennifer Guilmette, is called a Plaintiff. The corporation that they have sued, Bliss, and its owner, is the Defendant. One court resolves the issues for everyone who decides to join the case.

| 3. What is this collective action lawsuit about? |
|---|

This collective action lawsuit is about whether Bliss' compensation practices violate the overtime laws. The lawsuit alleges that Bliss violated the federal and state wage law by not paying Plaintiff and other similarly situated workers wages at the proper rate. Plaintiff is seeking to recover unpaid wages, in addition to liquidated damages, attorneys' fees, and costs.

Bliss denies any wrongdoing or liability. Bliss maintains that all workers were paid for all at the proper rate and were otherwise paid in compliance with all applicable laws.

| 4. How do I join this collective action lawsuit? |
|---|

To participate in this lawsuit through the Plaintiff's attorney, you must fill out the enclosed form called "Consent to Join" and mail it in the enclosed, postage-paid envelope to Plaintiff's lawyers. Should the enclosed envelope be lost or misplaced, the "Consent to Join" Form must be sent to:

Kessler Matura P.C.
534 Broadhollow Road, Ste. 275
Melville, New York 11747

You can also fax the signed form to 631-499-9120 or scan and email it to gkaske@kesslermatura.com.

The signed "Consent to Join" form must be postmarked, faxed, or e-mailed by **[60 days from mailing of notice]**. If your signed "Consent to Join" form is not postmarked, faxed, or e-mailed by [60 days from mailing of notice], you may not be allowed to participate in the federal law portion of this lawsuit.

You have a right to be represented by your own attorney, but you will be responsible for making arrangements for payment of the fees of the attorney you select. The attorney you hire must file with the court a "Consent to Join" form by [60 days from mailing of notice] and must enter a formal appearance as attorney on your behalf.

| 5. What happens if I join this lawsuit? |
|---|

You will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. If there is a favorable resolution, either by settlement or judgment, and you qualify under the law, you will be entitled to some portion of the recovery.

If you join this lawsuit and send your "Consent to Join" form to Kessler Matura P.C., you agree to have the Plaintiff and their counsel act as your representative and make decisions on your behalf concerning the case,

including approving any settlement. Decisions made and agreements entered into by the Plaintiff and their counsel will be binding on you if you join this lawsuit, subject only to the Court's discretion. If you hire your own attorney, you will be bound by decisions and agreements that your attorney makes on behalf of this lawsuit.

If you join this lawsuit, you may be asked to give testimony and information about your work for Defendant to help the Court decide whether you are owed any money. Plaintiff's counsel will assist you with this process. For this reason, if you join this lawsuit, you should preserve all documents relating to your employment currently in your possession.

### 6. What happens if I do nothing at all?

You will not be included in this lawsuit for the purpose of asserting a minimum wage claim under federal law. Therefore, you will not be entitled to any recovery in this case should there be any for those claims. The limitations period on your claims will continue to run.

### 7. If I join, will there be any impact on my employment?

**No.** The law prohibits Bliss from discharging or retaliating against you because you join this case or have in any other way exercised your rights under the law.

### 8. If I join this case, do I have a lawyer?

Plaintiff is represented by Kessler Matura P.C., whose contact information is as follows:

Troy L. Kessler | Garrett Kaske | Tana Forrester
Kessler Matura P.C.
534 Broadhollow Rd., Ste 275
Melville, NY 11747
Phone: (631) 499-9100
tkessler@kesslermatura.com | gkaske@kesslermatura.com | tforrester@kesslermatura.com
www.kesslermatura.com

If you join by sending your opt-in to the Plaintiffs' attorneys, Kessler Matura P.C. will represent you on a contingency fee basis, meaning you will not owe any attorneys' fees unless you are successful and win the case, or obtain a settlement.

### 9. Does Bliss have a lawyer in this case?

Bliss is represented by James F. Murphy of Lewis Johs Avallone Avile, LLP, 1377 Motor Parkway, Suite 400, Islandia, New York 11749, (631) 755-0101.

DATED: _____, 2026

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
 JENNIFER GUILMETTE, on behalf of herself and all     :
 others similar situated,                             :
                                                      :
                                                      :   Case No.:
                              Plaintiff,              :   25 Civ. 2395 (RER) (SIL)
            - against -                               :
                                                      :
 BLISS RESTAURANT BAR & CATERING INC., and            :
 RONALD HOFFMAN, an individual,                       :
                                                      :
                                                      :
                              Defendants.             :
------------------------------------------------------------------------ X
```

**CONSENT TO JOIN**

If you received this form and want to join this lawsuit, please complete these **two steps:**

1. Complete and sign this consent to join lawsuit form; and

2. Use the enclosed envelope to return this form to the address below not later than **[60 days from mailing of notice]**.

Kessler Matura P.C.<br>
534 Broadhollow Rd., Ste 275<br>
Melville, NY 11747

You can also scan and email it to gkaske@kesslermatura.com.

I consent to join the collective action and authorize Kessler Matura P.C. to act on my behalf in all matters relating to this action, including any settlement of my claims.

_____          _____
Print Name                           Signature

**The following information will not be filed with the Court:**

_____          _____
Address                              City, State and Zip Code

_____          _____
Email Address                        Telephone Number

_____          _____
Employment Start Date                Employment End Date

# Exhibit B

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
   JENNIFER GUILMETTE, on behalf of herself and all  :
   others similar situated,                          :
                                                     :   Case No.:
                                       Plaintiff,    :   25 Civ. 2395 (RER) (SIL)
              - against -                            :
                                                     :
   BLISS RESTAURANT BAR & CATERING INC. and          :
   RONALD HOFFMAN, an individual.,                   :
                                                     :
                                       Defendants.   :
------------------------------------------------------------------------ X
```

## PROPOSED EMAIL NOTICE

Court Authorized Message:

If you worked for Bliss Restaurant Bar & Catering as a bartender, waiter or busser at any time since June 19, 2022, a collective action lawsuit may affect your legal rights.

   *Important: You are NOT being sued. This Notice is NOT a solicitation from a lawyer. The Court authorized this Notice.*

Plaintiff is former employee of Bliss Restaurant Bar & Catering Inc., ("Bliss"). Plaintiff brought this lawsuit against Bliss on behalf of themselves and all other potential, current, and former bartenders, waiters and bussers employed by Bliss after June 19, 2022. Plaintiff claims that Bliss did not pay such workers minimum wages due to them. Bliss denies any wrongdoing and maintains that its workers have been paid in compliance with all applicable wage laws.

This notice and its contents have been authorized by the United States District Court, Eastern District of New York. The Court has taken no position in this case regarding the merits of the parties' claims and defenses.

Please review the attached notice carefully.

# **<u>Exhibit C</u>**

# IMPORTANT REMINDER REGARDING
# BLISS RESTAURANT BAR & CATERING – UNPAID OVERTIME CASE

Within the past month, you should have received a Court-authorized Notice explaining that you may be eligible to participate in a collective action lawsuit against a Bliss Restaurant Bar & Catering Inc. on behalf of certain current and former workers, specifically bartenders, waiters and bussers.  If you have any questions about the Notice, if you did not receive it, or no longer have it, you can contact Plaintiff's counsel at 631-499-9100 or gkaske@kesslermatura.com.

**IMPORTANT:  Our records indicate that you have not submitted a Consent to Join Form.  If you want to participate in the collective action lawsuit, you must complete a Consent to Join Form and return it by mail or email to:**

Kessler Matura P.C.
534 Broadhollow Rd., Ste 275
Melville, NY 11747
gkaske@kesslermatura.com

**To participate in this lawsuit, your Consent to Join Form must be postmarked, faxed, or emailed no later than [<mark>60 days from mailing of Notice</mark>].**

Kessler Matura P.C.
534 Broadhollow Road, Ste. 275
Melville, New York 11747

[postage]

[first name] [last name]
[address] [address2]
[city], [state]  [zip]