UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JENNIFER GUILMETTE, on behalf of herself and all : 
others similar situated, :
                                                                                                  : **Case No.:**
                                        Plaintiff, : **25 Civ. 2395 (RER) (SIL)**
            - against - :
                                                                                      :
BLISS RESTAURANT BAR & CATERING INC., and :
RONALD HOFFMAN, an individual, :
                                                                             Defendants. :
------------------------------------------------------------------ X

**STIPULATION AND [PROPOSED] ORDER REGARDING CONDITIONAL CERTIFICATION, ISSUANCE OF COLLECTIVE ACTION NOTICE, DISCLOSURE OF CONTACT INFORMATION, AND OTHER DISCOVERY DEADLINES**

Plaintiff and Defendants, through their undersigned counsel, stipulate and agree as follows:

**RECITALS**

Plaintiff commenced this action, bringing claims under the Fair Labor Standards Act, as a collective action and under the New York Labor Law, as a class action, in the United States District Court for the Eastern District of New York. *See generally* ECF No. 1 (Compl.). Plaintiff alleges that she was employed by Defendants as a tip-earning restaurant employee, and seeks to represent a collective and class comprised of similarly situated workers under the Fair Labor Standards Act and New York Labor Law. *See id.* ¶¶ 2-5.

Plaintiff filed her motion for collective action conditional certification and notice pursuant to 29 U.S.C. § 216(b), on August 17, 2025 (ECF No. 14). Given their particular circumstances, Defendants did not respond to the motion immediately and requested a status conference. *See* ECF No. 15 (Defs.' Ltr. to Ct.). At the status conference, on November 10, 2025, the Honorable Steven I. Locke, U.S.M.J., stayed this action and tolled the statute of limitations for the putative collective for the duration of the stay, which was continued by the Court's order on January 20, 2026, through

the next conference. *See* ECF No. 16 (Min. Ord.). The subsequent conference, however, had to be rescheduled because of a change in the Court's calendar and then the blizzard of February 23. *See* ECF Ords., dated Jan. 20, 2026, and Feb. 22, 2026.

Before the stay, the Parties had begun discovery pursuant to the So Ordered deadlines established at the Initial Conference. *See* ECF Nos. 10 (Proposed Sched. Ord.) and 11 (Minute Ord., Aug. 21, 2025). They served discovery requests and initial disclosures. Plaintiffs also served their responses and objections to Defendants' demands. Defendants' responses and objections to Plaintiff's document requests and interrogatories remain outstanding.

Defendants agreed to lift the stay and consent to Plaintiff's motion. To these ends, instead of expending resources litigating Plaintiff's motion, the Parties, without prejudice to Defendant's rights to challenge collective action certification later, have negotiated the terms of a proposed notice to be sent to members of the alleged collective ("the Notice") and the process for disseminating it. The Parties have further agreed on the scope, form, and manner of distribution of the Notice, subject to the Court's approval. The Parties have also agreed to additional discovery dates consistent with the original scheduling order entered by the Court.

**NOW THEREFORE IT IS STIPULATED AND AGREED AS FOLLOWS:**

*Conditional Certification and Notice*

1. The First Cause of Action in Plaintiff's Complaint shall be conditionally certified pursuant to 29 U.S.C. §216(b) of the FLSA as a collective action consisting of certain individuals employed by the Defendant Bliss Restaurant Bar & Catering, Inc. at any time from June 19, 2022 to the present (the, "Relevant Period"). Specifically, the parties stipulate to the following collective, which supersedes the definition of the collective stated in paragraph 2 of the Complaint: All non-exempt individuals employed as waiters, bartenders, or bussers at Defendants' restaurant

located at 766 NY-25A, Setauket, New York 11733 during the Relevant Period or such other period as the Court determines to be applicable, who give consent to file a claim to recover damages for compensation that is allegedly legally due to them ("FLSA Collective Action Members").

2.  Within the later of 14 business days after the Court has "So Ordered" this Stipulation and March 27 (the, "Notice Period"), Defendants shall provide to Plaintiff's counsel the names, last known mailing addresses, last known telephone numbers, and last known personal email addresses, of all FLSA Collective Action Members employed by Defendants at any point during the Relevant Period ("Collective List" or "putative collective members") for the purpose of mailing the Notice as set forth herein.

3.  Within 14 days after Plaintiff's receipt of the Collective List noted in Paragraph 2, Plaintiff's counsel shall mail the Notice (attached as Appendix A to this Order) to each individual on the Collective List and email the Notice (using the form email attached as Appendix B) to the individuals on the Collective List for which Defendants provided a last known email address. Plaintiff's counsel may re-mail notice to any putative collective member whose Notice is returned as undeliverable, with a forwarding address.

4.  Within 37 days after the start of the Notice Period, Plaintiff's counsel shall send a Reminder Notice (attached as Appendix C to this Order) to all putative collective members who have not returned a consent form by the 30th day of the Opt-In Period.

5.  All names and contact information on the Collective List provided by Defendant to Plaintiffs' counsel shall remain confidential pursuant to this Court's Stipulation and Order regarding Confidential Information.

3

6. The individuals on the Collective List shall have 60 days from the date on which the Notice is mailed (the "Opt-in Period") to return the "Consent to Join" form in the manner set forth in the Notice. Individuals whose initial Notice is returned as undeliverable and for whom a forwarding address is supplied shall have 10 additional days from the date on which a second Notice is sent to return the "Consent to Join" form to Plaintiff's counsel. Only individuals submitting a "Consent to Join" form by these deadlines shall be eligible to join the collective action in this matter unless Defendants consent otherwise, in writing, or Plaintiff makes an application to the Court demonstrating that good cause exists for accepting any untimely submission.

7. Within seven days of receipt of a "Consent to Join" form, Plaintiff's counsel shall electronically file such form via the Court's ECF system on the docket in this matter.

8. Nothing herein shall be construed as a stipulation by Defendants that Plaintiff and the individuals to whom Notice and consent to join forms shall be sent are, in fact, "similarly situated" under the law. Nor shall this stipulation be construed as waiving or impairing Defendants' right to challenge the propriety of proceeding as a collective action and/or the inclusion of any individual who opts into the collective action at the second stage of the two-step procedure endorsed by the Second Circuit for certification of a collective action under the FLSA.

*Outstanding Discovery Deadlines*

9. The Parties propose the Court lift the stay and adopt the following updated deadlines and court appearances:

| | |
|---|---|
| Defendants to Respond to Plaintiff's First Interrogatories and Document Demands | April 10, 2026 |
| Motions to Join New Parties or Amend Pleadings | June 26, 2026 |
| Status Conference in Courtroom 820 (After the close of the Notice Period) | _____, 2026 at __:__ am/pm [Around the week of July 6] |

| | |
|---|---|
| Completion of Depositions | September 18, 2026 |
| Completion of All Discovery | November 13, 2026 |
| Commencement of Plaintiff's Anticipated Motion for Class Certification | December 1, 2026 |
| Commencement of Summary Judgement Motion Practice | December 18, 2026 |
| Pretrial Conference in Courtroom 820 | _____, 2026 at __:__ am/pm |

Dated: February 27, 2026

By: _____
Garrett Kaske
KESSLER MATURA P.C.
534 Broadhollow Road, Ste. 275
Melville, New York 11747
(631) 499-9100
gkaske@kesslermatura.com
*Attorneys for Plaintiff*

By: _____
James F. Murphy /GK
Lewis Johs Avallone Aviles, LLP
1377 Motor Parkway Suite 400
Islandia, NY 11749
631 755-0101
jfmurphy@lewisjohs.com
*Attorneys for Defendants*

Dated: Central Islip, New York
       March 2, 2026

SO ORDERED.

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

5