# <u>Exhibit A</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

JENNIFER GUILMETTE, on behalf of herself and all     :
others similar situated,     :

    :    **Case No.: 25 Civ. 2395 (SIL)**

                     Plaintiff,     :
      - against -     :

    :

BLISS RESTAURANT BAR & CATERING INC., and     :
RONALD HOFFMAN, an individual,     :

    :

                  Defendants.     :

----------------------------------------------------------------------- X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure and the Local Rules of this Court, Plaintiff requests that that Defendants serve written

answers to the respective Interrogatories below, under oath, w October 22, 2025, in accordance

with the instructions and definitions below, and the Court's Scheduling Order, dated August 21,

2025.  If the answer to any Interrogatory is contained in a document, Plaintiff requests that,

pursuant to FED. R. CIV. P. 34, each such document be attached to the answers to these

Interrogatories or be made available for inspection and copying within 30 days after service.

### DEFINITIONS AND INSTRUCTIONS

1.     All definitions and rules of construction set forth in Federal Rules of Civil Procedure and Rule 26.3 of the Eastern District of New York shall apply to all Requests.

2.     The use of the masculine form, feminine form, and gender-neutral forms of any word shall all other forms of the word.

3.     Definitions set forth in Plaintiff's Class and Collective Action Complaint, as amended ("Complaint"), and Defendants' Answer, as may be amended ("Answer"), if any, are incorporated.  For the avoidance of doubt, this includes the following:

    a.   "Plaintiff" means Jennifer Guilmette.

    b.   "Defendants" refers to Bliss Restaurant Bar & Catering Inc., and Ronald Hoffman.

c.  "FLSA" means the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

d.  "NYLL" means Articles 6 and 19 of the New York Labor Law, as detailed in the Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146, et seq.

e.  "Tipped Workers" means all individuals employed by at Bliss as a bartender, server, or busser.

f.  The "Collective" means all individuals employed by Defendants as Tipped Workers at any time since March 1, 2022, who elect to opt-in into this action (also referred to as "Collective Members").

g.  The "Class" means all individuals employed as Tipped Workers at any time since March 1, 2019 (also referred to as "Class Members").

4.  Unless otherwise indicated, the time period applicable to each demand is between March 1, 2019, and the present (also referred to as the "Relevant Period").  Demands referring to the "FLSA Period" relate to the time period between March 1, 2022, and the present.

5.  "Lawsuit" shall mean the above-captioned action.

6.  The terms "you," "your" and "yourself" as used herein, shall mean and refer to the Defendants and their agents, employees, servants, representatives, officers, directors, affiliates, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on Defendants' behalf.

7.  Terms not defined above or incorporated by reference shall have their plain and ordinary meaning, except that terms of art shall be understood to have the same meaning attributed to them by the U.S. Department of Labor and New York State Department of Labor.

8.  Unless otherwise indicated, each Interrogatory is to be construed as encompassing all information that pertains to the stated subject matter and to events that transpired during the relevant period.

9.  If an answer or document is withheld based on a claim or privilege or other protection, for each such answer or document: (i) identify the privilege and the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim; and (ii) if a document, identify it by its general subject matter, its date, its author and its addressee.

10.  This First Set of Interrogatories is continuing in nature and requires a continuing duty to promptly supplement your responses with any information that becomes available to you at any time up to the conclusion of the proceedings herein.

## <u>INTERROGATORIES</u>

**Request 1.**    Describe all actions taken by any Defendants, before or during the Relevant Period, to ensure that their wage-payment policies, as they relate to Class Members, complied with the NYLL.  Although responsive action may have occurred beyond the Relevant Period, this interrogatory is limited to the wage-payment policies in effect during the Relevant Period.

RESPONSE:

**Request 2.**    Identify all individuals involved and documents concerning the actions described in response to Interrogatory No. 1.

RESPONSE:

**Request 3.**    Describe any methods or devices used to record the hours worked by Class Members employees during the Relevant Period.

RESPONSE:

**Request 4.**    Identify all Class Members, including their job title and dates of employment.

RESPONSE:

**Request 5.**    Identify all managers employed by Defendants, and their respective dates of employment of employment, during the Relevant Period.  For purposes of this interrogatory, a "manager" is someone with the power to hire, fire, set employee work schedules, or direct day-to-day tasks for employees of Defendants.

RESPONSE:

3

**Request 6.**    State the job duties for the position of bartender at Defendants.  To the extent that the job duties for the position vary among Defendants' locations or changed over certain periods of time, so state.

RESPONSE:

**Request 7.**    State the job duties for the position of server Adam Rest Corp.  To the extent that the job duties for the position vary among Defendants' locations or changed over certain periods of time, so state.

RESPONSE:

**Request 8.**    State the number of Tipped Workers, broken down by job title (bartender, server, and busser), employed at Bliss during the Relevant Period.

RESPONSE:

**Request 9.**    Identify the owners, members, partners, and executives, including by title, of Bliss Restaurant Bar & Catering Inc. during the Relevant Period.

RESPONSE:

*    *    *

Plaintiffs reserves the right to supplement these requests as may be necessary and appropriate.

Dated: Melville, New York
        September 8, 2025

Sincerely,

By: _____

4

Garrett Kaske

**KESSLER MATURA P.C.**
Garrett Kaske
Tana Forrester
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
gkaske@kesslermatura.com
tforrester@kesslermatura.com

***Attorneys for Plaintiff and the***
***Putative Class and Collective Actions***

**To:**    James F. Murphy
Olivia R. Porter
**LEWIS JOHS AVALLONE AVILES, LLP**
1377 Motor Parkway, Suite 400
Islandia, New York 11749
(631) 755-0101
jfmurphy@lewisjohs.com
orporter@lewisjohs.com
***Attorneys for Defendants***

5