# Exhibit B

Case 2:25-cv-02395-RER-SIL    Document 23-2    Filed 07/02/26    Page 1 of 11 PageID #: 133

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

JENNIFER GUILMETTE, on behalf of herself and all
others similar situated,

                                  Plaintiff,

         - against -

BLISS RESTAURANT BAR & CATERING INC., and
RONALD HOFFMAN, an individual,

                              Defendants.

------------------------------------------------------------------------- X

**Case No.: 25 Civ. 2395 (SIL)**

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that that Defendants produce the documents requested below for the purposes of inspection and copying by October 22, 2025, in accordance with the instructions and definitions below, and the Court's Scheduling Order, dated August 21, 2025.

## INSTRUCTIONS

For the purposes of these Requests, the following instructions shall apply:

A.      You are required to obtain and furnish all information available to you and any of your representatives, divisions, employees, agents, brokers or servants and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents or servants.

B.      Each Request which seeks information relating in any way to communications from or within a business or corporate entity, is hereby designated to demand and should be construed to include all communications by and between representatives, employees, agents, brokers or servants of the business or corporate entity.

C.      Each Request should be responded to separately. However, a document, which is responsive to more than one Request, may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

D.      All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this

1

paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken. In addition, any documents being produced electronically should be produced as follows:

1. All scanned paper, email and native file collections should be converted or processed to TIFF files, Bates numbered and include fully searchable text. Additionally, email, Excel, and native file collections should include linked native files. That means, for example, that a document that was originally created as a Microsoft Word file or an Excel spreadsheet must be produced as a .doc or .xls file (or successor), without redaction of metadata.

2. All images should be single-page, Group IV TIFF files, scanned at 300 dpi. File names should not contain embedded spaces. The number of TIFF files per folder should not exceed 500 files.

3. For PowerPoint files, all pages of the file should be scanned in full slide image format, with any speaker notes following the appropriate slide image. For AUTOCAD / photographs, files should be scanned to single page JPEG (.JPG) file format.

4. Documents should be produced with the Concordance Image® Cross-Reference File which is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

5. All ESI and scanned images should be produced in accordance with the U.S. Securities and Exchange Commission's ("SEC") data delivery standards. The text and metadata of Email and the attachments, and native file document collections should be extracted and provided in a DAT file using the standard SEC fields.

6. Searchable text of the entire document must be provided for every record, at the document level. Extracted text must be provided for all documents that originated in electronic format. The text files should include page breaks that correspond to the "pagination" of the image files. Note: Any document in which text cannot be extracted must be OCR'd, particularly in the case of PDFs without embedded text.

7. For Linked Native Files, copies of original email and native file documents / attachments must be included for all electronic productions. Native file documents must be named per the FIRST BATES number. The full path of the native file must be provided in the .DAT file for the LINK field. The number of native files per folder should not exceed 500 files.

E. If any document responsive to these Requests is withheld based on a claim of privilege or other protection, for each such document: (i) identify the withheld document--including its general subject matter, its date, its author and its addressee; (ii) state the privilege or other

grounds for withholding the document; and (iii) state the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim.

F.      If you object to part of any Request, please furnish documents responsive to the remainder of the Request.

G.      All documents produced in response to this Request shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

H.      If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.

I.      With respect to any document requested which was once in your possession, custody or control, but no longer is, please indicate the date the document ceased to be in your possession, custody or control, the manner in which it ceased to be in your possession, custody and control and the name and address of its present custodian.

J.      Unless otherwise indicated, each Request is to be construed as encompassing all documents that pertain to the stated subject matter and to events that transpired during the relevant period, as defined herein.

K.      This Request is continuing in nature and requires a continuing duty to promptly supplement the production with documents obtained subsequent to the preparation and filing of a response to each Request.

## **DEFINITIONS**

1.      All definitions and rules of construction set forth in Federal Rules of Civil Procedure and Rule 26.3 of the Eastern District of New York shall apply to all Requests.

2.      The use of the masculine form, feminine form, and gender-neutral forms of any word shall all other forms of the word.

3.      Definitions set forth in Plaintiff's Class and Collective Action Complaint, as amended ("Complaint"), and Defendants' Answer, as may be amended ("Answer"), if any, are incorporated.  For the avoidance of doubt, this includes the following:

      a.  "Plaintiff" means Jennifer Guilmette.

      b.  "Defendants" refers to Bliss Restaurant Bar & Catering Inc., and Ronald Hoffman.

      c.  "FLSA" means the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

      d.  "NYLL" means Articles 6 and 19 of the New York Labor Law, as detailed in the Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146, et seq.

e.  "Tipped Workers" means all individuals employed by at Bliss as a bartender, server, or busser.

f.  The "Collective" means all individuals employed by Defendants as Tipped Workers at any time since March 1, 2022, who elect to opt-in into this action (also referred to as "Collective Members").

g.  The "Class" means all individuals employed as Tipped Workers at any time since March 1, 2019 (also referred to as "Class Members").

4.  Unless otherwise indicated, the time period applicable to each demand is between March 1, 2019, and the present (also referred to as the "Relevant Period"). Demands referring to the "FLSA Period" relate to the time period between March 1, 2022, and the present.

5.  "Lawsuit" shall mean the above-captioned action.

6.  The terms "you," "your" and "yourself" as used herein, shall mean and refer to the Defendants and their agents, employees, servants, representatives, officers, directors, affiliates, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on Defendants' behalf.

7.  The term "produce" means to produce in the document's native format and includes Electronically Stored Information ("ESI"). ESI should be produced in its native format in accordance with Instructions D(1)-(7) above or an agreed-upon ESI protocol of the Parties.

8.  Terms not defined above or incorporated by reference shall have their plain and ordinary meaning, except that terms of art shall be understood to have the same meaning attributed to them by the U.S. Department of Labor and New York State Department of Labor.

## REQUESTS FOR PRODUCTION

**Request 1.**    Data in Excel, CSV, or comparable file format sufficient to show the following information for all Class Members employed at any time during the Relevant Period: (1) last known home address; (2) last known personal home and cell phone number; (3) last known personal e-mail address; and (4) start and end dates (or number of workweeks worked) as a Class Member for each location worked and the official job title held during such periods of time.

RESPONSE:

4

**Request 2.**    Documents showing the weekly compensation paid to Plaintiff and each other Class Member, such as paystubs, payroll registers, and payroll reports, which reflect all types (i.e., tips, hourly wages, spread-of-hours pay, salary, bonus, holiday, vacation, etc.) and amounts of compensation type paid per week.

RESPONSE:

**Request 3.**    Documents showing the weekly number of hours worked by Plaintiff and each other Class Member.

RESPONSE:

**Request 4.**    Documents from point of sales system or comparable records showing the length of Plaintiff and each other Class Member's shifts worked during the Relevant Period.

RESPONSE:

**Request 5.**    All schedules reflecting the Plaintiff's and each Class Member's scheduled work hours.

RESPONSE:

**Request 6.**    Data in Excel, CSV, or comparable file format sufficient to show the following information for all Class Members employed at any time during the Relevant Period: (1) all weekly compensation paid; and (2) the number of hours worked.

RESPONSE:

**Request 7.**    Any documents provided at or around the time of hiring to Plaintiff and each Class Member, providing notice of pay rate and any allowances to be taken, such as tips.

RESPONSE:

**Request 8.**    Any documents memorializing the manner in which Defendants notified Plaintiff and each Class Member of Defendants' wage-payment policies and intake to take a credit for tips against the minimum wage.

RESPONSE:

**Request 9.**    Any documents memorializing the tasks performed by Plaintiff and other Tipped Workers each shift, including any to-do lists, training manuals, punch lists, or communications.

RESPONSE:

**Request 10.**    Plaintiff's personnel files.

RESPONSE:

**Request 11.**    Each version of any employee handbook issued to Class Members.

RESPONSE:

**Request 12.**    Any documents that describe the job duties performed by Tipped Workers. This request includes any form to-do lists or other guides for Class Members to follow or refer to as it relates to their duties and assignments.

6

RESPONSE:

**Request 13.**   Any documents reflecting job descriptions, whether used externally for hiring or internally, of positions held by Tipped Workers.

RESPONSE:

**Request 14.**   Documents related to the training of Class Members or other employees in Class Members' positions, including any forms, manuals, or communications created by Defendants.

RESPONSE:

**Request 15.**   Documents demonstrating any actions taken by Defendant to ensure compliance with the NYLL, with regard to compensation of Tipped Workers.  This includes documents memorializing Defendants' attempt to ascertain the NYLL's procedures by and circumstances under which an employer can take a tip credit against the minimum wage.

RESPONSE:

**Request 16.**   Documents demonstrating any actions taken by Defendant to ensure compliance with the FLSA, with regard to compensation of Tipped Workers.  This includes documents memorializing Defendants' attempt to ascertain the FLSA's procedures by and circumstances under which an employer can take a tip credit against the minimum wage.

RESPONSE:

**Request 17.**   Documents, including internal communications and documents exchanged between Defendnats and any advisor, consultant, or counsel that relate to Defendants' policies with respect to the NYLL's and FLSA's minimum-wage and tip-credit requirements. This request applies to documents that predate the Relevant Period.

RESPONSE:

**Request 18.**   Documents concerning all complaints by Class Members, whether formal or informal, written or verbal, about the wage-and-hour issues, including but not limited to complaints concerning the payment of the minimum wage to Tipped Workers.

RESPONSE:

**Request 19.**   Communications between, among, or within Defendants and any other person (excluding Defendants attorneys) regarding this lawsuit, the allegations in the Complaint in this lawsuit, or the wage-payment and scheduling polices described in the Complaint. This request does not include documents protected by the attorney-client privilege or documents within the definition of work product set forth in Federal Rule of Civil Procedure 26(b)(3).

RESPONSE:

**Request 20.**   All documents identified in Defendants' responses to Plaintiff's interrogatories.

RESPONSE:

**Request 21.**    All documents Defendant reviewed or considered in drafting a response to these requests or any interrogatories served by Plaintiffs.

RESPONSE:

**Request 22.**    All documents identified in Defendants' Initial Disclosures.

RESPONSE:

**Request 23.**    All Documents which Defendant intends to use as exhibits or rely on at trial that they have yet to produce in response to these requests.

RESPONSE:

**Request 24.**    All documents relating to Plaintiffs' claims and any defenses Defendants will assert to those claims that have not been provided in response to the requests above.

RESPONSE:

\*        \*        \*        \*

Plaintiff reserves the right to serve additional discovery demands at a later date.

Dated: Melville, New York
     September 8, 2025

Sincerely,

By: _____
    Garrett Kaske

**KESSLER MATURA P.C.**
Garrett Kaske
Tana Forrester
534 Broadhollow Road, Suite 275

9

Melville, New York 11747
Telephone: (631) 499-9100
gkaske@kesslermatura.com
tforrester@kesslermatura.com

***Attorneys for Plaintiff and the
Putative Class and Collective Actions***

**To:**    James F. Murphy
Olivia R. Porter
**LEWIS JOHS AVALLONE AVILES, LLP**
1377 Motor Parkway, Suite 400
Islandia, New York 11749
(631) 755-0101
jfmurphy@lewisjohs.com
orporter@lewisjohs.com
***Attorneys for Defendants***